**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>DAVID CAMEZ,<br><br>    Defendant | Case No.: 2:12-cr-0004-APG<br><br>**ORDER (1) GRANTING MOTION TO DISMISS AND (2) DENYING MOTION TO VACATE**<br><br>[ECF Nos. 1650, 1656] |

In October 2017, the Supreme Court denied David Camez's petition for writ of certiorari. In February 2020, Camez filed, *pro se*, a motion under 28 U.S.C. §2255 to vacate, set aside or correct his federal sentence, which he admits he filed after the one-year limitation period.[1] The United States moves to dismiss the motion as untimely.[2] Camez opposes, contending that the limitation period should be equitably tolled.[3] Camez has not met the high threshold necessary to equitably toll the §2255 limitation period. I must dismiss his §2255 petition as untimely.

**Procedural Background**

The United States indicted Camez and 38 other individuals in 2012 for participating in, and conspiring to participate in, a Racketeer Influenced Corrupt Organization (RICO) in violation of 18 U.S.C. §1962(c) & (d). Chris Rasmussen was appointed as counsel for Camez.[4] Following a nine-day trial, the jury convicted him of both counts.[5]

---

[1] ECF No. 1650.
[2] ECF No. 1657.
[3] ECF No. 1665.
[4] ECF No. 213.
[5] ECF No. 551.

I sentenced Camez to 240 months' incarceration on each count, to be served concurrent to each other and concurrent to an undischarged state sentence that he was then serving in Arizona.[6] The Ninth Circuit affirmed Camez's conviction and sentence.[7] He petitioned the Supreme Court for certiorari, which it denied on October 16, 2017.[8]

On February 13, 2020, Camez signed his present §2255 motion and mailed it to this court for filing.[9] The Clerk of the Court received and filed it on February 18, 2020. I ordered the United States to respond,[10] which it did by moving to dismiss the motion as untimely.[11] I appointed counsel to represent Camez,[12] who filed an opposition to the motion to dismiss.[13]

**Background**

Camez was represented by Rasmussen throughout his trial, sentencing, and appeal.[14] With Camez's permission, Rasmussen was assisted by Jeffrey Green in filing a Petition for Writ of Certiorari with the Supreme Court.[15]

Camez's current counsel asserts that, in a telephone conversation with Green, Green acknowledged receiving a phone call from Camez following the Supreme Court's denial of the

---

[6] ECF No. 736.

[7] *United States v. Camez*, 839 F.3d 871 (9th Cir. 2016); *Id*., 659 F. App'x 443 (9th Cir. 2016) (unpublished).

[8] *Camez v. United States*, 138 S.Ct. 354 (2017).

[9] ECF No. 1650.

[10] ECF No. 1653.

[11] ECF No. 1656.

[12] ECF No. 1655.

[13] ECF No. 1665.

[14] *See*, ECF Nos. 520, 733, 1281.

[15] Declaration of Rasmussen, Exhibit 1 to Opposition, ¶¶ 5, 6; ECF No. 1351.

petition.[16]  As argued by Camez in his opposition, "Green informed Camez that his engagement was limited in scope and the request must be made to his attorney of record, Chris Rasmussen."[17]

In his declaration, Rasmussen acknowledges that in November 2017, Camez contacted him telephonically regarding his options.[18] Rasmussen states that he responded by mailing Camez a blank §2255 form, and "informing [Camez] that he [Rasmussen] could not represent him as [Camez] would need to attack [Rasmussen's] representation as part of his petition."[19] He further informed Camez that he could ask the court to appoint counsel.[20] Rasmussen indicates that, due to a breakdown in communications after this phone call, he does not know whether Camez received the §2255 form.  More than a year after his phone call to Rasmussen, Camez expired his state sentence on February 19, 2019 and was transferred to federal custody to serve the remainder of his term.

In his *pro se* memorandum attached to his §2255 motion, Camez asserts: "I was not aware of a deadline as I have been in an Arizona State Prison and their Law Library is deficient.  I have been pursuing my rights diligently by asking my previous attorney to file a §2255 petition but he never did."[21]  Camez supplemented this assertion in his response to the government's motion to dismiss:

> I was in an Arizona State Prison (red rock correctional center [in eloy,Az]) and their law library is defecient-there's not even any computers. I tried doing research

---

[16] Counsel indicates that Green could not provide a declaration in time to be filed with the opposition.

[17] Opposition, at 3, ll. 8-9.

[18] Declaration of Rasmussen, Exhibit 1 to Opposition, ¶ 7.

[19] *Id.*

[20] *Id.,* ¶ 8.

[21] ECF No. 1650, Memorandum in Support, at 3 (citations omitted).

> on filing a 2255 motion but I couldn't find nothing at that time...there was a riot on february 2018 at that state prison they locked it out and kept it restricted we only came out a couple hours a day and I remember the library, geez-that thing was so small if you threw a rock in there it would hit everybody. So it was crowded and you had to wait outside to get in and when you got in it was almost time to go so you only grasped like 5-10min in there really and waiting a while just to get in and you can't take the limited legal books (mostly about az law) to your cell.[22]

As noted previously, Camez declared that he mailed his present petition to the court on February 13, 2020, and the court filed the motion on February 18, 2020.

## Analysis

Under §2255(f)(1), Camez could timely file his §2255 motion no later than one year from "the date on which the judgment of conviction becomes final." "Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."[23] The Supreme Court denied Camez' petition for certiorari in October, 2017. Thus, his one-year limitation period for timely filing his §2255 motion expired in October 2018.

The one-year limitation period may be equitable tolled if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."[24] The defendant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way."[25] Further, the burden remains on the defendant and is "very

---

[22] Opposition, at 8, ll. 7-17 (typographical errors in original).

[23] *Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 1076, 155 L. Ed. 2d 88 (2003).

[24] *Brambles v. Duncan*, 330 F.3d 1197, 1202 (9th Cir. 2003), *amended in other respects by* 342 F.3d 898 (9th Cir. 2003).

[25] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

4

high, lest the exceptions swallow the rule."[26] Nevertheless, the Ninth Circuit has noted that "[a] habeas petitioner . . . should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'"[27]

Camez first argues that he is entitled to equitable tolling because "he requested this Motion be timely filed on his behalf to both attorneys that represented him." Regarding the similar §2244 limitations period, the Ninth Circuit has noted that "[a]ttorney negligence, including a miscalculation of a filing deadline, is not a sufficient basis for applying equitable tolling to the § 2244(d)(1) limitation period. However, attorney misconduct that is sufficiently egregious to meet the extraordinary misconduct standard can be a basis for applying equitable tolling."[28]

Camez does not identify any negligence, much less egregious professional misconduct, on the part of either attorney. While Camez asked each of the two attorneys to file a §2255 motion, neither attorney accepted the request. Neither attorney caused Camez to believe he would file a §2255 motion but then failed to do so. Rather, the first attorney responded by noting that he could not file the motion due to the limited scope for which Rasmussen had had been retained, with Camez' consent. The attorney then, appropriately, directed Camez to discuss the filing of a motion with his attorney of record.

---

[26] *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

[27] *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) *quoting Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir.2003).

[28] *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (citations omitted); *see also Holland v. Fla.*, 560 U.S. 631, 651,(2010) ("at least sometimes, professional misconduct . . . could nonetheless amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling").

Camez spoke to his then attorney of record, Rasmussen, regarding the filing of a §2255 motion. Rasmussen responded that he would not file the motion because that motion would need to attack Rasmussen's representation of Camez. Rasmussen did, however, mail a §2255 form to Camez. He also informed Camez that he could petition the court to have counsel appointed. At most, the only "failure" suggested by Camez is that Rasmussen did not ensure that Camez received the §2255 form that was mailed to him. This does not amount to an allegation of an extraordinary circumstance.

As Camez has not alleged that either attorney was negligent in rejecting his requests that they file a §2255 motion on his behalf, much less that either engaged in any egregious professional misconduct that stood in the way of his timely filing a motion, he is neither entitled to an evidentiary hearing nor to the equitable tolling of the limitation period on this basis.

Camez next argues that he is entitled to equitable tolling because the law library at the Arizona state prison where he was incarcerated was "woefully deficient." The Ninth Circuit's decision in *Whalem/Hunt v. Early*[29] suggests that a prison law library's lack of legal materials concerning §2244, combined with a defendant's lack of knowledge of the one-year limitation period, could constitute an extraordinary circumstance warranting an evidentiary hearing. Expanding on *Whalem/Hunt* in *Roy*,[30] the Ninth Circuit added that the lack of access to relevant legal materials, as suggested by a library having only three outdated legal books, could also constitute a sufficient allegation of an extraordinary circumstance. The Ninth Circuit has further held that a "combination of (1) a prison law library's lack of Spanish-language legal materials,

---

[29] 233 F.3d 1146, 1148 (9th Cir. 2000).
[30] 465 F.3d at 974.

and (2) a petitioner's inability to obtain translation assistance before the one-year deadline, could constitute extraordinary circumstances."[31] Conversely, having limited access to a law library as a result of being placed in administrative segregation is not an extraordinary circumstance warranting equitable tolling.[32]

In his *pro se* memorandum attached to his motion, Camez conceded his motion was time-barred. Largely following the language of *Roy*, Camez generally and vaguely asserts that he was not aware of a deadline because he was in an Arizona state prison whose library was deficient. In the response to the motion to dismiss, Camez' counsel included a statement from Camez expanding on this assertion. In that statement, Camez does not allege the library lacked relevant legal texts. Rather, he notes the law library was deficient because it lacked computers, that it was small, and that it would be crowded. Camez acknowledges he was able to access the library and attempted to research the filing of a §2255 motion. Absent from Camez' response, however, is any allegation indicating the library lacked the relevant legal materials and texts. Similarly, Camez' general allegation that for some period of time beginning in February 2018 his access to the law library remained available but was limited also fails to suggest an extraordinary circumstance that stood in his way of filing a timely motion.

Because Camez has not alleged facts suggesting that an extraordinary circumstance stood in his way in filing his §2255 motion, he is not entitled to have the one-year limitation period equitably tolled.

---

[31] *Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006).
[32] *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009)

## Certificate of Appealability

To appeal this order, Camez must receive a certificate of appealability.[33] To obtain that certificate, he "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[34] This standard is "lenient."[35]

I decline to issue a certificate of appealability because my decision that the limitation period should not be tolled is not debatable.

I THEREFORE ORDER that the United States' Motion to Dismiss Defendant's Untimely Motion to Vacate Sentence **(ECF No. 1656) is GRANTED**.

I FURTHER ORDER that defendant David Camez' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 **(ECF No. 1650) is DENIED** as untimely.

I FURTHER ORDER the Clerk of Court to enter a separate civil judgment dismissing defendant David Camez' §2255 motion. The Clerk shall file this order and the civil judgment in this case and also in the related civil case number 2:20-cv-0357-APG.

DATED this 22nd day of June, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[33] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a).
[34] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted).
[35] *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).